Daniels, J. (dissenting).
The contest in this suit related to the right to the rents collected of sub-tenants of the premises known as 443 and 445 Broadway. These rents accrued and have been collected during the term for which the premises were leased to Oscar Strasburger, a lunatic, for whom the defendant was appointed temporary committee. As to other rents claimed, the case has been before this court on two preceding occasions. Matter of Otis, 34 Hun, 542; Same, 38 id., 597.
In the first of these cases it was held that the landlord was entitled to be paid the rent, for the reason that the commit - tee had taken the actual possession and had the use of the property for the storage and sale of the goods of the lunatic; while in the latter it was held that the lessor was not entitled to the rents, for the reason that the temporary committee had declined to take possession of the property and had offered to surrender it to the lessors and that offer had been refused. The case was thereupon appealed from this last decision to the court of appeals, where it was affirmed, and during the pendency of the litigation action, the lessors and the temporary committee entered into agreements concerning the renting and use of the property under which the plaintiff in this action claimed to be entitled to receive the rents. Four of the agreements which were entered into *4 are in the same form, and by each of them it was agreed and declared that—
“ Whereas, certain differences exist between Adelia L. Otis and others, and Eustace Conway, temporary committee of the estate of Oscar Strasburger, a lunatic, as to the payment of rent reserved in a lease made to said Oscar Strasburger & Co., of the premises Nos. 443 and 445 Broadway, and said premises being now vacant, and Messrs. Underhill & Scudder offering the sum of $300 for the right to occupy said premises for the month of July, 1885—
It is agreed between the lessors and their representatives and the estate of said Oscar Strasburger, and Eustace Conway, as temporary committee of the estate, that the said Underhill & Scudder may so occupy at the said rent for the benefit of whom it may concern, and the payment by Messrs. Underhill & Scudder for said occupation be made by certified check payable to the order of Strong & Cadwalader and Eustace Conway, temporary committee, jointly; and that the same shall be deposited in the American Loan and Trust Company until the final determination of the said controversy, and that the assent by any party to this agreement shall in no respect alter their legal positions the one towards the other; and that at the determination of .the questions at difference between the parties both parties shall join in endorsing to the party held to be in possession of the said premises.
Dated New York, June 30, 1885.
OSCAR STRASBURGER & CO., EUSTACE CONWAY.

Temporary .Committee.

These agreement it will be seem secured in the end the right to the rents to be collected from the under-tenants, to the person in the possession of the premises. And it was agreed that both the parties to the controversy should join m indorsing to the party holding possession, the checks received by way of payment for the rent.
As a matter of fact the temporary committee was not in possession for he utterly refused to take or hold such possession. The plaintiffs were not in possession, for they as absolutely refused to accept a surrender of the property, and they at no time took any proceedings to obtain the possession. The result consequently is that the lessee himself under the lease was the legal person in the possession of the property, and that is conformable to the opinion delivered in the decision of the case by the court of appeals, where it was-held that the committee took no title to the real or personal estate, and was no more than a bailiff to take charge of the property of the lunatic, and to administer it subject to the *5 direction of the court. It was further added that “it follows as a necessary consequence from the nature of his office and the fact that the title to the lunatic’s property is not divested by the appointment of the committee, that the occupation by the latter under a lease to the lunatic, is in the character of a servant, agent, or bailiff, and creates no privity of estate between him and the lessor.”
It is quite possible that the parties may have designed by the agreements entered into, to have disposed of the rents by giving them to the plaintiffs, if they proved unsucccessful in the proceedings then pending. But they have expressed no such design in the agreements which they made, and the court has no authority to change these agreements from the form and effect given to them by these parties. They have agreed that the rents paid by the sub-tenants should go the party in the possession of the premises. The lunatic, or lessee, is that party. If not, it is the committee himself. It surely is not the plaintiffs, who have at all times refused „to accept the possession of the property.
The first agreement may not unreasonably be subjected to a different construction, for that provided that the rent received from William A. Topping should be deposited in a trust company and finally paid over to the party ultimately entitled thereto. The lunatic’s estate was insolvent, and under the authorities the plaintiffs may be held entitled equitably to the recovery of this rent. As to this particular sum they have not otherwise agreed upon its disposition than in the manner already mentioned. And equitably the plaintiffs are entitled to the amount of this rent to be disposed of under this agreement including no more than that paid by this one of the sub-tenants. 1 Story Eq. Jur., § 687; Taylor on Landlord and Tenant (7th ed.), § 659; Peck v. Ingersoll, 3 Seld., 528; Riggs v. Whitney, 15 Abb., 388.
The judgment should be reversed and a new trial ordered with costs to abide the event, unless the parties stipulate for the entry of a judgment in the plaintiff’s favor for the amount of the rent paid by William A. Topping, and mentioned in their agreement of the 25th of May, with interest thereon. If such a stipulation be entered into, then the judgment should be modified directing the recovery of that amount, without costs of this appeal.